United States District Court
Southern District of Texas
**ENTERED**
October 20, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM. ACTION NO. 2:22-CR-00584-1 |
| | § | |
| JORGE ALBERTO BARRIENTOS | § | |

## ORDER OF DETENTION PENDING TRIAL

Pending is Defendant Jorge Alberto Barrientos's Opposed Motion to Revoke Order of Detention and Set Bond. (D.E. 13). On October 17, 2022, the Court held a de novo hearing on the magistrate judge's previous order of detention pending trial in accordance with 18 U.S.C. § 3145(a)(1). The parties did not present any new evidence at the de novo hearing, relying solely on their arguments and briefing, *see* (D.E. 13; D.E. 22), the criminal complaint and supporting affidavit, (D.E. 1), and the Pretrial Services Report ("PSR"), (D.E. 12). Based on the parties' arguments made at that hearing, along with the underlying motion, response, and record, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required or the safety of any other person and the community. *See* 18 U.S.C. § 3142(c); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). As such, Defendant's motion is **DENIED**. (D.E. 13).

### I. Legal Standard

A criminal defendant is entitled to have a magistrate judge's detention order reviewed by "the court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–56 (5th Cir. 1992).

18 U.S.C. § 3142 governs pretrial detention of criminal defendants. A judicial officer will order detention of a person before trial if, after a hearing held upon motion of the government, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The facts the judicial offer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f). This determination considers:

> (1) the nature and circumstances of the offense charged;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## II. Analysis

Viewing the instant matter through the lens of § 3142(g), the Court finds no reason to disturb the magistrate judge's determination that Defendant poses both a significant risk of nonappearance and a danger to the community. (D.E. 8, p. 1). Relevant to this finding are the

weight of the evidence against Defendant, Defendant's criminal history, and Defendant's other characteristics.

The weight of the evidence against Defendant for the offense charged in this case—transportation of undocumented aliens in violation of 8 U.S.C. § 1324—is strong. According to the affidavit supporting the criminal complaint, Defendant admitted to knowing that the aliens in his vehicle were illegally present in the United States, that he planned to smuggle the aliens through the Border Patrol checkpoint and take them the Houston, and that he was going to be paid to do so. (D.E. 1, p. 2).

Regarding Defendant's criminal history and other characteristics, the PSR indicates that Defendant's criminal history began in 2010 when Defendant was fifteen years old. (D.E. 12, p. 3). That year, Defendant was charged with two state-law offenses: felony burglary of a habitation and misdemeanor assault causing bodily injury. *Id.* The charges were disposed of without confinement. *See id.* Defendant has since been convicted twice for theft, in 2012 and 2020 respectively, and four times for assault causing bodily injury.[1] *Id.* at 3–4. Defendant's 2012 theft conviction initially resulted in probation, which was later revoked after he violated his probation's terms twice. *Id.* at 3; (D.E. 22, p. 3). Currently, Defendant has two pending charges against him: a 2018 failure-to-identify charge and 2020 disorderly conduct charge. (D.E. 12, p. 3). The instant offense was committed while on a personal recognizance bond for the 2020 disorderly conduct charge. *Id.* Most recently, and substantively similar to the pending charge against him, Defendant was apprehended for alien smuggling in January 2021, although he was released without prosecution. *Id.* at 4. The January 2021 arrest also occurred while Defendant was on bond for the 2020 disorderly conduct

---

[1] One of the assault convictions occurred while Defendant was a minor for which he received one year of juvenile probation. (D.E. 12, p. 3). The 2020 theft charge and three of the assault charges arise from the same incident. *See id.* at 3–4.

charge. *See id.* at 3–4. Beyond highlighting Defendant's criminal history, these incidents demonstrate Defendant's willingness to continue engaging in criminal activity, even while on probation or bond.

In addition to Defendant's criminal history, Defendant is a member of the Mexico-based Paisas Prison Gang.[2] *Id.* at 5; (D.E. 1, p. 2). Further, although Defendant is a lifelong resident of Edinburg, Texas, where his wife and infant child reside, Defendant's parents are both Mexican citizens.[3] (D.E. 12, p. 1). The PSR calculates Defendant's monthly net income at $4000. *Id.* at 2. But Defendant's employment is history is both questionable and lacking, with the PSR indicating that Defendant is "reportedly employed as a laborer for a roofing company in McAllen, Texas," but that Defendant "could not recall the name of the company or any contact information for his supervisor . . . ." *Id.* at 2. Defendant has also reportedly worked in the oil field industry. *Id.* Defendant's mother corroborated the information concerning Defendant's lack of employment history in the PSR, *see id.*, indicating that Defendant has "rarely worked in his lifetime and currently does not contribute to the home." *Id.* Defendant now submits that he "will seek employment at the Chevrolet dealership near his home . . . ." (D.E. 13, p. 2).

Defendant indicates that he is "amenable to any conditions the Court sees fit," to secure his appearance and ensure the safety of others. *Id.* In his motion and at the hearing, Defendant discussed a laundry list of proposed confinement conditions. *See id.* Nevertheless, the Court finds that pretrial release is inappropriate in this case.

---

[2] JOINT CRIME INFO. CTR. INTEL. & COUNTERTERRORISM DIV. TEX. DEP'T OF PUB. SAFETY, TEXAS GANG THREAT ASSESSMENT 20 (April 2014), https://www.dps.texas.gov/sites/default/files/documents/director_staff/media_and_communications/2014/txgangthreatassessment.pdf (classifying the gang as "Mexico-based").

[3] Nonetheless, Defendant states he neither has a passport nor makes frequent trips across the border. (D.E. 13, p. 1).

The Court finds that Defendant poses a significant risk of nonappearance. Defendant has strong ties to a foreign country, as both his parents are Mexican citizens, (D.E. 12, p. 1), has extended family living in Mexico on both sides of his family, *id.*, and is and admitted member of a Mexico-based prison gang, *id.* at 5. And despite Defendant's questionable employment history, Defendant's financial resources, coupled with the fact that Defendant has both familial and potential gang ties across the border and lives in such close proximity to Mexico, indicate an ability to abscond the short distance from Edinburg, Texas, to Mexico, *see id.* at 2, presumably with a network in place to avoid capture by authorities. Finally, Defendant's criminal history demonstrates his unwillingness to comply with court orders and the law. Both the instant offense and the January 2021 offense were committed while on bond for the same pending state charge. *See* (D.E. 12, p. 3–4). And Defendant has served prison time for violating his probation not once, but twice. *Id.* at 3; (D.E. 22, p. 3). As such, the Court finds that Defendant poses a nonappearance risk.

The Court also finds by clear and convincing evidence that Defendant's release would pose a danger to the community. First, the pending charge against Defendant is a serious, felony offense, which involves transporting minors. (D.E. 16; D.E. 1, p. 1–2). Second, as stated above, Defendant's criminal history indicates either an inability or unwillingness to obey the law. Third, Defendant has a lengthy criminal history, including four assault-based convictions. (D.E. 12, p. 3–4). And fourth, Defendant is an admitted gang member. (D.E. 1, p. 2). These factors indicate to the Court that Defendant's release would pose a danger to the community at large.[4]

---

[4] The Court takes judicial notice that a co-defendant in this case received pretrial release. While Defendant and his co-defendant are charged with the same offense, Defendant's case differs materially from his co-defendant's in that Defendant's criminal history, gang involvement, and general disregard for the law militate against Defendant's pretrial release.

## IV. Conclusion

In sum, after careful consideration of the factors laid out in 18 U.S.C. § 3142, the Court finds that there is no condition or combination of conditions that would adequately assure Defendant's presence at trial, or that would adequately assure the safety of any other person or the community. The Court declines to alter the magistrate judge's determination and therefore adopts the findings and conclusions contained in the PSR and **ORDERS** detention pending trial.

Accordingly, Defendant will continue his commitment in the custody of the United States Marshals or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
        October 19, 2022